**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ADELE M. SCHNEIDEREIT and JEFFREY SCHNEIDEREIT, | No. 13-56074 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-08253-PSG-E |
| v. | |
| SAN LUIS CAPITAL, INC.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted October 20, 2015**
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and BOULWARE,***
District Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Richard F. Boulware, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Plaintiffs Jeffrey and Adele Schneidereit appeal the dismissal of their action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), we affirm.[1]

1. The district court properly found that Plaintiffs' fraud claims are barred by the statute of limitations. The Second Amended Complaint (SAC) alleges a violation of the Uniform Fraudulent Transfer Act, and claims for fraud, cancellation of instruments, and breach of fiduciary duty, all of which are subject to a three-year statutes of limitation. *See* Cal. Civ. Proc. Code § 338(d). The SAC also alleges claims under the Unfair Competition Law and Elder Abuse Act, which are subject to four-year statutes of limitation. Cal. Bus. & Prof. Code § 17208; Cal. Welf. & Inst. Code § 15657.7. Plaintiffs filed suit on September 25, 2012, almost six years after the alleged fraudulent conduct occurred. The district court properly found that Plaintiffs have failed to show that they were not negligent in failing to discover the fraud within the statutory period. *See* Cal. Civ. Code § 338(d); *Denholm v. Houghton Mifflin Co.*, 912 F.2d 357, 362 (9th Cir. 1990); *Fox v. Ethicon Endo-Surgery, Inc.* 35 Cal. 4th 797, 803, 808 (2005). Plaintiffs' own

---

[1] Appellees' request for judicial notice is DENIED because the materials appended thereto "are not relevant to the resolution of this appeal." *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

factual allegations suggest that a reasonable person would have been put on inquiry notice. For example, prior to signing the loan documents, Plaintiffs' request to review the paperwork was denied, and they were not given copies of the documents after signing. Further, Plaintiffs received a letter in November of 2006 indicating that Chase had purchased and would be servicing their loans, which directly contradicted the representation by San Luis Defendants that their loan would be held by a small, local bank. Yet, Plaintiffs took no action to investigate possible fraud in the origination of their loans within the statutory period.

2. The district court also properly found that Plaintiffs' claims under the Real Estate Settlement Procedures Act (RESPA) are barred. Plaintiffs allege a violation of 12 U.S.C. § 2607, which is barred by a one-year statute of limitations. 12 U.S.C. § 2614. Their claim of a violation of 12 U.S.C. § 2605 also fails because they did not send a qualified written request (QWR) regarding the servicing of their loans that was related to payments. 12 U.S.C. § 2605(e)(3). Plaintiffs' letter to Chase in August of 2012 related to the circumstances surrounding the loan origination rather than loan payments, and thus does not qualify as a QWR. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 (9th Cir. 2012).

3. Plaintiffs' quiet title claim and claim for injunctive relief also fail because they did not make a tender offer of payment, and have not alleged

sufficient facts to plead an exception to the tender rule. *Abdallah v. United Sav. Bank*, 51 Cal. Rptr. 2d 286, 292 (1996). Plaintiffs have failed to allege a challenge to the underlying debt because their fraud allegations are time-barred. *See Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-1 (2011). And, as the district court determined, requiring tender was not inequitable in light of the facts alleged. *See Onofrio v. Rice*, 64 Cal. Rptr. 2d 74, 80 (1997).

4. Finally, Plaintiffs failed to state any claim against Quality Loan. Plaintiffs allege that Quality Loan recorded a notice of default against their property, but Quality Loan is immune from tort liability for the mailing, publication, and delivery of such notices. Cal. Civ. Code § 2924(d).

**AFFIRMED.**

*Schneidereit v. San Luis Capital, Inc.,* No. 13-56074

BOULWARE, District Judge, concurring in part and dissenting in part:

1.  I agree with the respective statutes of limitations articulated by the majority pertaining to the Plaintiffs' causes of action. However, I would not find that Plaintiffs' claims are time-barred.  While the majority finds that Plaintiffs' factual allegations in their Second Amended Complaint (the "Complaint") suggest that a reasonable person would have been put on inquiry notice, I respectfully disagree.

I do find that Plaintiffs have shown they were not negligent in failing to discover the alleged fraud within the statutory period because they were not on inquiry notice of such fraud. <u>Denholm v. Houghton Mifflin Co.</u>, 912 F.2d 357, 362 (9th Cir. 1990) (a plaintiff bringing a fraud claim after the expiration of the limitations period must establish "facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry") (internal quotation marks omitted); <u>Norgart v. Upjohn Co.</u>, 981 P.2d 79, 88 (Cal. 1999) (under the discovery rule, a cause of action accrues when a plaintiff "has reason at least to suspect a factual basis for its elements," meaning that he has "notice or information of

circumstances to put a reasonable person *on inquiry*") (emphasis in original) (internal quotation marks omitted).

I do not attribute to Plaintiffs the level of sophistication I believe the majority does in finding they were on inquiry notice of potential fraud by the bank's actions. That Plaintiffs were pre-approved for a loan by Mid-State Bank & Trust, or that they desired to obtain a loan with a small, traditional bank, does not establish, in my opinion, that they had the experience or expertise to discern the possibility of concealed bank fraud from a few banking practices which seemed odd or irregular. I am unpersuaded that having previously bought a home, without more, renders an individual knowledgeable of a bank's duties and obligations in connection with providing a home loan, such that these individuals should have detected—or even inquired into the possibility of—fraudulent banking practices. In fact, California courts have routinely recognized the need to protect ordinary residential home buyers, recognizing their relative lack of sophistication and experience in comparison to those engaged in commercial real estate. See, e.g., Richman v. Hartley, 169 Cal. Rptr. 3d 475, 481 (Cal. Ct. App. 2014) ("The courts have recognized the Legislature's interest in protecting unsophisticated residential home purchasers"); Smith v. Rickard, Cal. App. 3d 1354, 1361 (Cal. Ct. App. 1988) (noting that section 2079 *et seq.* of the California Civil Code "distinguishes

2

between residential and commercial properties in order to protect unsophisticated buyers and owners of residential property from those with greater knowledge and bargaining power"); Easton v. Strassburger, 152 Cal. App. 3d 90, 102 n.8 (Cal. Ct. App. 1984) (distinguishing between the residential home buyer and a purchaser of commercial real estate, who "is likely to be more experienced and sophisticated in his dealings").

I do not agree that a reasonable person, who does not have substantial experience obtaining or processing loans, could discern whether the particular banking practices at issue in this case were in fact so irregular that the person should then investigate whether this irregularity reflected or concealed some hidden fraud. For example, I am unpersuaded that the bank's refusal to provide Plaintiffs with copies of loan documents prior to closing or after signing would have alerted a reasonable person to the possibility of fraud. It is not clear to me that this practice would be irregular in all or most circumstances, or that one should suspect, based on this practice, that the bank was engaged in fraud. Moreover, I do not find that the letter Plaintiffs later received from Chase informing them that it would be servicing their loans, contrary to Plaintiffs' belief that their loans would be held by a small, local bank, would lead a reasonable person to suspect

3

fraudulent activity. I find these facts insufficient to trigger a more diligent inquiry into bank fraud.

Consequently, I would similarly find that Plaintiffs were not obligated to investigate whether or not Pacific Trust was actually located at the address it purportedly shared with San Luis when Plaintiffs went to the location to sign the paperwork. Furthermore, unlike in Denholm, the Schneidereits alleged concealment in their Complaint, thereby providing an explanation for why they were not on inquiry notice.

Therefore, I would find that through the facts pled in their Complaint, Plaintiffs have "affirmatively excuse[d] [their] failure to discover the fraud" within the limitations period, such that their claims are not time-barred by the respective statutes of limitations. Denholm, 912 F.2d at 362.

2. Second, I would find that the district court improperly dismissed Plaintiffs' quiet title and injunctive relief claims. Plaintiffs have alleged sufficient facts to establish either of two exceptions to the tender rule.

First, requiring tender would be inequitable where, as here, Plaintiffs challenge the validity of the underlying loan. Onofrio v. Rice, 64 Cal. Rptr. 2d 74, 80 (Cal. Ct. App. 1997) (tender may not be required "where it would be inequitable to do so" or where "the action attacks the validity of the underlying debt") (internal

4

quotation marks omitted); see also Fonteno v. Wells Fargo Bank, N.A., 176 Cal. Rptr. 3d 676, 688-89 (Cal. Ct. App. 2014) (discussing circumstances under which it would be inequitable to require tender); Lona v. Citibank, N.A., 134 Cal. Rptr. 3d 622, 640-41 (Cal. Ct. App. 2011) (reviewing exceptions to the tender requirement).

Second, Plaintiffs' argument that the underlying loan is void due to the forged signatures on the promissory notes establishes another exception to the tender rule. Glaski v. Bank of Am., Nat'l Ass'n, 160 Cal. Rptr. 3d 449, 466 (Cal. Ct. App. 2013) ("Tender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property.").

For the reasons stated, I respectfully dissent.